LaROSE, Judge.
Kevin Demers appeals an order denying his motion to withdraw a guilty plea. We affirm on all issues but write to emphasize the importance of clarity and completeness in the plea colloquy. See Fla. R. Crim. P. 3.172(c).
The State charged Mr. Demers with two counts of battery on a law enforcement officer and one count of trespass. He represented himself. Mr. Demers entered a negotiated plea to one count of battery on a law enforcement officer in exchange for the State’s nolle prosse of the other two counts, a withhold of adjudication, and a sentence of eighteen months of probation. Mr. Demers now argues that his guilty plea was involuntary because he thought he was pleading no contest. Allegedly, he would not have pleaded guilty because it would foreclose a civil suit for wrongful arrest and would affect adversely his business opportunities.
The trial court conducted a lengthy plea colloquy, during which it repeatedly used the words “the plea,” but rarely in connection with the word “guilty.” Twice, however, the trial court referred to a guilty plea, telling Mr. Demers, “You don’t have to plead guilty; instead, you could have a trial.... If you enter a guilty plea and receive a withhold of adjudication, you won’t have the right to take an appeal.” The trial court never used the words “no contest” or “nolo contendere.” After the colloquy, Mr. Demers completed the plea form himself, signed it, and told the trial court that everything on the form was correct. However, he checked the “nolo contendere” box rather than the “guilty” box. Apparently, the trial court did not review the completed form. The judgment and sentence reflect a guilty plea.
According to Mr. Demers, he believed he had pleaded no contest until he received a copy of his judgment and sentence. He filed a motion to withdraw his plea, asserting that he never entered a guilty plea. After a hearing, the trial court found that, while the plea colloquy “is not a model of clarity,” Mr. Demers knew he was entering a guilty plea. The trial court denied the motion to withdraw the plea.
The hearing transcript confirms that the trial court’s plea colloquy, though lacking in precision, twice mentioned pleading guilty. Consequently, Mr. Demers knew that the trial court was accepting a guilty plea. We see no error in the denial of the motion. We are confident, however, that a more carefully crafted plea colloquy and an examination of the completed plea form would have made a motion to withdraw the plea unnecessary.
Affirmed.
SILBERMAN, J., Concurs.
ALTENBERND, J. Concurs with opinion.